Carr, J.
I have always held it among the oldest and best settled principles of law, that a sheriff or other officer, executing the process or carrying into effect the orders of a court, was protected from all consequences, however irregular and erroneous was the proceeding; provided only that the court had jurisdiction of the matter. And this principle I have considered absolutely necessary for the furtherance of justice, and the order and well being of society. In the Case of the Marshalsea, 10 Rep. 76. a. lord Coke says, “ A difference was taken when a court has jurisdiction of the cause, and proceeds inverso ordine, or erroneously, there the party who sues, or the officer or minister of the court, who executes the precept or process of the court, no action lies against them. Bui when the court has not jurisdiction of the cause, there the whole proceeding is coram non judice, and actions will lie,” &c. Under this authority, I hold the third plea of the defendants *456 a good defence, and the replication naught; and am for m ■ 1-1 affirming the judgment.
Tucker, P.
The first question in this case is whether the third plea of the defendants is good in substance. The action is trespass against the overseer of the road, for opening a road through the plaintiff’s land. The overseer pleads that he the defendant was, by the county court of Randolph, in which county the land lies, ordered, as the surveyor of the highway from the Lewis county line to the mouth of the lane opposite where Eve Yeager formerly lived, to open that part of the road from the mouth of the lane to Jacob Teeter’s, to intersect the road where it formerly did; and that in the execution of the said order, he necessarily committed the several supposed trespasses in the declaration mentioned, under the authority of and in obedience to the order of the said court, as he lawfully might. This plea appears to me to be good. The county courts are invested with jurisdiction over the roads of their respective counties, and having that jurisdiction, their officer or minister (the overseer) must obey their order, and is not entitled to question either the judiciousness or the regularity of the exercise of their power. The numerous authorities referred to by the counsel for the defendants in error prove this. A part of them may be mentioned here. 6 Rep. 54. a. Doug. 671. 2 Black. Rep. 1195. 6 T. R. 245. The cases cited on the part of the plaintiff in error appear to me inapplicable. In the case of Davison et al. v. Gill, 1 East 64. A. sued B. for trespass. B. pleaded a justification under a footway immemorially used as a public road. The road, however, had been stopped up by an order of the magistrates, acting under a statute the forms of which had not been strictly pursued. The court decided that the order was bad and the defendant justified. It is not perceived how this decision can bear on the case at bar. If Yeager had *457 put a fence across the road, and been prosecuted for doing so, and if, to a plea that it was his close, there had been a replication of this order, the case would apply; and in such a case I should hold that, as he had been no party to the proceeding, he might well contest it, if it was altogether irregular. The case of Martin v. Marshall, Hobart 63. decides that a party pleading a prescription must bring himself strictly within the prescription pleaded. I can perceive no analogy between this case and the case at bar, and can therefore enter into no comparison between them. The other cases cited are not in our library.
In cases of this kind, indeed, where an illegal order is made, which is injurious to one who is no party to the record, and who cannot therefore sue out a supersedeas or writ of error, or obtain an appeal, the question presents itself, how is the injured party to- be redressed, if he cannot sue the officer? I answer, first, that be may stop up the road, and if prosecuted, may defend himself by shewing that the order is inofficious and does not bind him. Secondly, the case already cited from 1 East shews that he may sue in trespass any person who passes along the new road, and the irregular order will be no justification to such person. Thirdly, if the order is made at the instance of any person, that party is responsible (though the officer is not) for procuring an order to violate his rights, without making him a party. And fourthly, if there be no party, then there is no lis, and the order is certainly not the judgment of the court, but a mere police order (as in this, case) which may be set aside upon motion at a subsequent term. And this court decided, in two cases from Campbell (not yet reported) of Hollins v. Patterson,* and Crenshaw v. Same,* that even in a case where the order, was made on the motion of a party, such order, if irregular, might be set aside at a subsequent term on motion. And if the mo- *458 lion to rescind were refused, the party might doubtless have his redress; whether by supersedeas or mandamus, it might be premature to say.
The plea, then, I bold to be good. If so, the replication is bad; for it certainly offers no answer to the plea. It alleges that the locus in quo was not a public road or highway, at the time When &c. But admit it to be true that it bad not before been a public highway, yet here was an order of court commanding the overseer to open it as such, which order he was bound to obey. • I am therefore of opinion that the judgment should be affirmed.

 These cases are reported 6 Leigh 457.